SHIPROCK DISTRICT COURT

April 26, 1982

No. SR-CV-110-82

OPINION AND ORDER

JONAS LEE, JIMMY LEE, and
LESLIE JOHNS, Plaintiff, v.

TIMOTHY JOHNS, Defendant.

Honorable Henry Whitehair, Judge presiding.

This is an assault action against Timothy Johns, who is said to have assaulted Jonas Lee, Jimmy Lee and Leslie John. It is alleged Johns, while serving as a Navajo Police officer, fired a pistol at the plaintiffs.

The Navajo Division of Public Safety has moved to dismiss the action. Aside from pointing out a misnomer of it as a defendant the Division makes its motion on the grounds the complaint did not comply with the Navajo Nation Sovereign Immunity Act and that the conduct of Mr. Johns was outside the scope of his employment.

Tribal Council Resolution CMY-42-80 provides, in Sec. I.4.A, that certain kinds of things must be done by way of prior notice before suing the Navajo sovereign. The statute provides that specific notice is a jurisdictional condition precedent to the institution of a suit, and Sec. I.4.A. 3 prohibits the acceptance of a complaint for filing where those conditions have not been complied with. Sec. I.4.C. provides for service of copies of the complaint upon the Chairman of the Navajo Tribal Council as well as the Attorney General (formerly the General Counsel) where an employee is sued.

It has been said that where the sovereign consents to be sued and sets down a means and manner of bringing suit, those are conditions which the plaintiff must follow. 72 Am.Jur.2d, States, Etc. Sec. 126: The notice is required because of insurance requirements and the need for the Navajo Nation to gather the necessary materials to defend litigation. It may also be possible for the Navajo Nation to review the claim and settle it without the need for litigation, which has incumbent costs and inconveniences. Given the reason for our statute there is no reason for the plaintiffs not to comply with it. Prejudice to the Navajo Nation may be presumed from noncompliance because of the factors mentioned.

Therefore the suit will be dismissed without prejudice as to the Navajo Division of Public Safety. With respect to suit against Mr. Johns, he is sued as a police officer and the notice requirements apply with respect to any attempt to make the Navajo Nation liable financially for his conduct.

The court denies the motion as to the ground that the defendant

Johns acted outside the scope of his authority. The affidavit of the Director of the Division of Public Safety will not suffice for dismissal of the Division as a party, because conduct within or without the scope of an employee's authority is a fact question to be resolved at trial. To do otherwise would be to take away the plaintiffs' right to a fair trial on their claim.

It is therefore ORDERED:

1. The defendant Division of Public Safety's motion to dismiss is granted for noncompliance with the Navajo Nation Soverign Immunity Act; and

2. The above-entitled action is dismissed without prejudice; and

3. The motion to dismiss as to the Division of Public Safety's liability for conduct outside the scope of authority of an employee is DENIED.